UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | |
| Benjamin Adam Floyd, | ) | Case No.  23-10158-SAH |
| Debtor. | ) | Chapter 7 |

### MOTION FOR RELIEF FROM AUTOMATIC STAY OF 11 U.S.C. §362 AND REQUEST FOR ABANDONMENT OF PROPERTY AND REQUEST FOR WAIVER OF 14 DAY STAY PURSUANT TO LR 4001-1(b) AND BRIEF IN SUPPORT AND NOTICE OF OPPORTUNITY FOR HEARING AND BRIEF IN SUPPORT

COMES NOW Danielle R. Floyd, by and through her attorney, and respectfully moves this Court for relief from the automatic stay and, in support of said motion, states to the Court as follows:

1. Debtor filed a Petition under Chapter 7 of the United States Bankruptcy Code on January 25, 2023.

2. The initial meeting of creditors was held on February 22, 2023, which has been adjourned until April 12, 2023 at 9:30.

3. The chapter 13 trustee has not filed an initial report.

4. Danielle R. Floyd, states that this Court has jurisdiction of this matter and enter a final order pursuant to 28 U.S.C. §§ 1334 and 157 and 11 U.S.C. §362.  This is a core proceeding and a contested matter pursuant to Fed.R.Bankr.P. 4001(a) and 9014.

5. Danielle R. Floyd, is the wife of Debtor and is a party to a divorce case in Oklahoma County Case Number FD-2022-2506.  The divorce case was filed on September 9, 2022.

6. The divorce case was scheduled for a temporary hearing on January 5, 2023.  That hearing was continued to January 19, 2023.  On January 19, 2023, the divorce case was again continued to January 26, 2023 for medical reasons.  The Debtor filed this bankruptcy case the day before the January 26, 2023 hearing.

7.  Movant seeks relief from the Automatic Stay on the grounds that domestic support obligations are not dischargeable under 11 U.S.C. §523(a)(5) and (15).

8.  Consistent with and pursuant to the exceptions to discharge section of the U.S. Bankruptcy Code, 11 U.S. C. §523(a)(5) and (15), Oklahoma courts recognize that an award in the nature of alimony, maintenance or support of the spouse or child may not be discharged in bankruptcy. <u>Battles v. Battles</u>, 1952 OK 2; <u>Owens v. Owens</u>, 1995 OK CIV APP 17. Additionally, The Oklahoma Supreme Court in <u>Hough v. Hough</u>, 2004 OK 45 ¶10, held that attorney's fees arising from an enforcement issue in a family matter was non-dischargeable.

9.  Relief from the Automatic Stay will not interfere or diminish the Bankruptcy Estate of Debtor as his interest in assets and liabilities are undefined until the pending issues in the divorce case are resolved.

In the case of <u>In re White</u>, 212 B.R. 979 (B.A.P. 10th Cir. 1997), a debtor appealed the allowance of claims filed by his wife. <u>Id</u>. The debtor filed a chapter 13 case during the pendency of the divorce case. <u>Id</u> at 980. He did not timely appeal the granting of the Motion for Relief obtained by the wife. <u>Id</u> at 983. The Court noted in a footnote that many courts defer to the state courts to divide the property.

> 3 Many courts grant motions for relief from stay to allow a divorce filed prepetition to proceed to a divorce decree, reasoning that state courts have the requisite expertise to resolve domestic issues and equitably divide property. See Hohenberg, 143 B.R. at 487; Johnson v. Fisher (In re Fisher), 67 B.R. 666, 669 (Bankr.D.Colo.1986); but see In re Becker, 136 B.R. 113, 118 (Bankr.D.N.J.1992).

<u>Id</u> at 983. (Footnote 3 at 984)

The Court noted the undefined nature of the Debtors interest in the property.

> Thus, where the divorce is pending when the bankruptcy petition is filed, the divorcing spouses' respective property interests are vested but subject to subsequent definition. For that reason, what constitutes property of the estate is undefined. Once the state court or bankruptcy court defines the respective interests, it becomes clear what property is within the exclusive purview and jurisdiction of the Bankruptcy Court. In this case, the Bankruptcy Court granted relief from stay to allow the state court to complete the divorce proceeding by entry of the arbitration award and divorce decree. The state court made this determination and awarded the florist business to White. Contemporaneously, the state court granted Bell a lien against the business assets to secure a monetary award. The state court orders then served to define the property interests of White, which became property of the estate at the time the bankruptcy petition was filed. The florist business became property of the estate.

In re White, at 983.

In holding that the liens imposed on the property by the state court divorce were not voidable, the Court set forth the reasoning that the determination of the debtors property and liens upon it occurred simultaneously and therefore are not voidable.

> In Farrey v. Sanderfoot, 500 U.S. 291, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991), the United States Supreme Court held that attachment of a lien to the debtor's property by virtue of a divorce decree occurred simultaneously with the debtor's acquisition of an ownership interest in the property by virtue of the divorce decree. The Supreme Court noted that the debtor took the interest and the lien together, as if he had purchased an already encumbered estate from a third party. Id. at 300, 111 S.Ct. at 1830-31. Thus, the lien granted in the divorce decree was not an avoidable judicial lien under § 522(f)(1), which provides that a debtor "may avoid the fixing of a judicial lien on an interest of the debtor in property." The Supreme Court noted that § 522(f)(1) was intended to thwart creditors who, sensing an impending bankruptcy, rush to court to obtain a judgment to defeat the debtor's exemptions. Id. Because the nondebtor spouse obtained the lien not to defeat the debtor's existing interest but to protect her own pre-existing interest in the

> property, the Supreme Court noted that to permit a debtor in these circumstances to use the Code to deprive the nondebtor spouse of this protection would neither follow the language of the statute nor serve the intended purpose of the statute. Id. at 301, 111 S.Ct. at 1832.

In re White, at 983.

Based upon this reasoning the Court held that the wife had a valid secured lien on property awarded to the Debtor.

> The same reasoning applies here. Bell was granted a lien at the same time that White's property interest was defined and his ownership interest was acquired. When the court entered the arbitration award and divorce decree, it equitably divided the property, and Bell and White acquired ownership interests in property separately awarded to them. White acquired an ownership interest in the business but that ownership interest was simultaneously encumbered with a lien. There was no period of time prior to Bell's lien when a hypothetical lien creditor could have encumbered White's property. Moreover, this is not a situation where the lien or security interest was merely unperfected at the time of the bankruptcy filing. In fact, the lien was not granted until White's property interest was defined. By not timely appealing the orders for abstention or relief from stay, White has waived any objection to the propriety of the state court's definition of White's property interest, which then passed into the bankruptcy estate pursuant to § 541.3 White has waived any objection to the propriety of the state court's definition of White's property interest, which then passed into the bankruptcy estate pursuant to § 541.3 White has waived any objection to the state court's determination that White owns the business which is encumbered by a $150,000 lien. Therefore, we affirm the Bankruptcy Court's allowance of Bell's $150,000 secured claim.

In re White, at 983.

In the instant case, the property of the Debtor is undefined. He has an interest in the property identified in his schedules. However, his wife also has an interest in the same property.

4

There is pending a case in Oklahoma County State Court to define what interest Debtor has in this property along with what debts he may owe as well.

10.     Bankruptcy courts generally defer to the state divorce Courts.  In re Nichols, 223 B.R. 353 (Bankr. N.D. Okla. 1998), Judge Terrence L. Michael, in the Northern District of Oklahoma granted relief from the stay for the state court to divide the assets and liabilities.

> On July 30, 1997, Ms. Nichols filed a Motion for Relief From the Automatic Stay (the "Relief Motion"), seeking leave of this Court to continue the Divorce Action. On August 11, 1997, Mr. Nichols filed an Objection to the Relief Motion, protesting her request to continue the Divorce Action in State Court. See Docket No. 28. Mr. Nichols objected to the State Court deciding the division of assets and liabilities of the marital estate, and suggested that such a decision be undertaken by this Court. Id. This Court declined to do so. In a hearing on August 27, 1997, the Court granted Ms. Nichols relief from the automatic stay to proceed with the complete adjudication of the Divorce Action, including the division of the assets and liabilities of the marital estate in the State Court. See Docket No. 41M.

In re Nichols at 358.

> Generally, bankruptcy courts are loath to meddle in family matters, and defer if at all possible to the expertise of the state courts. "It is appropriate for bankruptcy courts to avoid incursion into family law matters `out of consideration of court economy, judicial restraint, and deference to our state brethren and their established expertise in such matters.'" In re Thaggard, 180 B.R. 659, 663 (M.D.Ala.1995) citing Carver v. Carver, 954 F.2d 1573, 1579 (11th Cir.), cert. denied, 506 U.S. 986, 113 S.Ct. 496, 121 L.Ed.2d 434 (1992) citing Marane, Inc. v. McDonald's Corp., 755 F.2d 106, 107-09 (7th Cir.1985) (quoting In re Graham, 14 B.R. 246, 248 (Bankr.W.D.Ky.1981)).

In re Nichols at 359.

11. Based on the above, Movant seeks relief from the Automatic Stay "for cause" under 11 U.S.C. §523(a)(5) and (15) and §362(d)(1) so that she may proceed with the divorce case in Oklahoma County District Court, wherein the Court be allowed to resolve issues between the debtor and his wife, Movant, in this case related to:

    A. Entry of a Dissolution of the Marriage.

    B. Determine Custody of the parties children.

    C. Determine Visitation with the Children.

    D. Determine all issues related to the support of the children, such as child support, day care, medical insurance, liability for uncovered medical bills, education expenses, allocation of tax credits and deductions.

    E. Determine Support Alimony.

    F. Divide Assets.

    G. Divide Liabilities.

    H. Award Attorney Fees.

12. Movant requests an Order of Abandonment of any assets that the state court awards to the Movant, wife of the debtor, pursuant to 11 U.S.C. §554, so that the Oklahoma County District Court may divide assets and liabilities of the debtor and his wife, the Movant in the Divorce case.

13. Under Fed.R.Bankr.P. 4001(a)(3), an order granting relief from the stay on this Motion would be stayed "until the expiration of 14 days after the entry of the order, unless the court orders otherwise." Good cause exists to "order otherwise" based upon the following:

    A.    Any debts related to the Movant, Danielle R. Floyd, are not subject to Discharge.

    B.    The determination of assets of the debtor and therefore the estate should be divided as soon as possible.

14.    Based upon the above, Danielle R. Floyd, requests that this order not be stayed and waive the statutory period pursuant to FRBP 4001(a)(3).

### NOTICE OF OPPORTUNITY FOR HEARING

Your rights may be affected.  You should read this document carefully and consult your attorney about your rights and the effect of this document.  If you do not want the Court to grant the requested relief, or you wish to have your views considered, you must file a written response or objection to the requested relief with the Clerk of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Avenue, Oklahoma City, OK 73102 no later than 14 days from the date of filing of this request for relief.  You should also serve a file-stamped copy of your response or objection to the undersigned movant/movant's attorney [and others who are required to be served] and file a certificate of service with the Court.  If no response or objection is timely filed, the Court may grant the requested relief without a hearing or further notice.  The 14 day period includes the three (3) days allowed for mailing provided for in Bankruptcy Rule 9006(f).

WHEREFORE, Movant, Danielle R. Floyd, respectfully requests that the Court enter an Order lifting the Automatic Stay, enter an Order of Abandonment, and waive the statutory stay of FRBP 4001(a)(3), to permit Danielle R. Floyd to proceed with the divorce case in Oklahoma County, for a division of the parties assets and liabilities, and relief as set forth above, and such other and further relief deemed proper.

                                            s/Christopher A. Wood
                                            Christopher A. Wood, OBA#12936
                                            CHRISTOPHER A. WOOD & ASSOCIATES, P.C.
                                            1133 N. Portland Avenue
                                            Oklahoma City, OK 73107-1543
                                            cawlaw@hotmail.com
                                            (405) 525-5005 Telephone
                                            (405) 521-8567 Facsimile
                                            Attorney for Danielle R. Floyd